UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FERNANDO FONTANEZ,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>FACEBOOK, INC.,<br><br>　　　　Defendant. | Case No. 21-cv-06920-JCS<br><br>**ORDER GRATING APPLICATION TO PROCEED IN FORMA PAUPERIS**<br><br>**ORDER TO SHOW CAUSE WHY CASE SHOULD NOT BE DISMISSED**<br><br>Re: Dkt. Nos. 1, 2 |

## I.   INTRODUCTION

Plaintiff Fernando Fontanez, pro se, has applied to proceed in forma pauperis. Dkt. 2. Sufficient cause having been shown, that application is GRANTED.

The Court now reviews the sufficiency of Fontanez's complaint against Defendant Facebook Inc. under 28 U.S.C. § 1915(e)(2)(B). For the reasons discussed below, Fontanez is ORDERED TO SHOW CAUSE why this case should not be dismissed, by filing a response to this order no later than October 8, 2021. If Fontanez does not respond to this order by that date, the case will be reassigned to a United States district judge with a recommendation that it be dismissed with prejudice.

## II.   THE COMPLAINT

Fontanez alleges that Facebook disabled his account, failed to send SMS access codes to his phone, and has not responded to his request to meet with a Facebook representative to discuss fraud purportedly perpetrated on Facebook and the possibility of a one-percent reward to Fontanez for bringing that issue to Facebook's attention. Compl. (dkt. 1). He asserts a claim for breach of contract. *Id.* He attaches to his complaint a number of communications he sent to Facebook and others detailing his theories of a widespread conspiracy of fraud. *See* dkt. 1-2.

## III. ANALYSIS

### A. Legal Standard for Review Under § 1915

Where a plaintiff is found to be indigent under 28 U.S.C. § 1915(a)(1) and is granted leave to proceed in forma pauperis, courts must engage in screening and dismiss any claims which: (1) are frivolous or malicious; (2) fail to state a claim on which relief may be granted; or (3) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Marks v. Solcum*, 98 F.3d 494, 495 (9th Cir. 1996). Rule 8(a)(2) of the Federal Rules of Civil Procedure provides that a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." A complaint that lacks such statement fails to state a claim and must be dismissed.

In determining whether a plaintiff fails to state a claim, the court assumes that all factual allegations in the complaint are true. *Parks Sch. of Bus. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995). However, "the tenet that a court must accept a complaint's allegations as true is inapplicable to legal conclusions" and to "mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555). The pertinent question is whether the factual allegations, assumed to be true, "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570.

Where the complaint has been filed by a pro se plaintiff, as is the case here, courts must "construe the pleadings liberally . . . to afford the petitioner the benefit of any doubt." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted). "A district court should not dismiss a pro se complaint without leave to amend unless 'it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.'" *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012) (quoting *Schucker v. Rockwood*, 846 F.2d 1202, 1203−04 (9th Cir. 1988) (per curiam)).

### B. Breach of Contract

Fontanez does not specify the law he believes applies to his claim for breach of contract. Under California law, the "cause of action for damages for breach of contract is comprised of the

following elements: (1) the contract, (2) plaintiff's performance or excuse for nonperformance, (3) defendant's breach, and (4) the resulting damages to plaintiff." *Armstrong Petroleum Corp. v. Tri-Valley Oil & Gas Co.*, 116 Cal. App. 4th 1375, 1391 n.6 (2004).

Fontanez's complaint includes the following passage, which addresses those elements in a cursory manner:

> Plaintiff seeks $20,000.00 in damages as Plaintiff did have a legal binding contract with Defendant Plaintiffs performance is noted on Defendants Facebook page with breach on Defendants part and damage to Plaintiff in a scheme of identity theft to steal (by murder of Plaintiff) Plaintiffs naming rights worth billions, and deny Plaintiff life, liberty and the pursuit of the American dream despite Plaintiffs life works to get the world and Americans monies illegally deprived of all by communists.

Compl. at 2–3.  He asserts no basis for liability other than breach of contract.

Under *Iqbal*, this sort of "'formulaic recitation of the elements of a cause of action will not do.'"  556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).  Fontanez has not explained what the terms of his alleged contract with Facebook were, how he performed under the contract, what aspect of Facebook's conduct or inaction breached the contract, or how Facebook's purported breach damaged Fontanez or had any relationship to a scheme of identity theft and murder (which is in turn also not explained with any factual allegations).  The attachments to his complaint do not provide any clear answers to these questions.

Fontanez is therefore ORDERED TO SHOW CAUSE why his complaint should not be dismissed under 28 U.S.C. § 1915(e)(2)(B) for failure to include sufficient factual allegations to state a plausible claim on which relief may be granted.

## IV. CONCLUSION

For the reasons discussed above, Fontanez is ORDERED TO SHOW CAUSE why this case should not be dismissed for failure to state a claim on which relief may be granted, by filing no later than October 7, 2021 either: (1) an amended complaint; or (2) a response arguing why his current complaint is sufficient.

Any amended complaint must include the caption and civil case number used in this order (21-cv-06920) and the words FIRST AMENDED COMPLAINT on the first page.  Because an

amended complaint completely replaces the previous complaint, any amendment may not incorporate claims or allegations of Fontanez's original complaint by reference, but instead must include all of the facts and claims Fontanez wishes to present and all of the defendants he wishes to sue. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992).

**IT IS SO ORDERED.**

Dated: September 10, 2021

JOSEPH C. SPERO
Chief Magistrate Judge